UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FILED
JUN 19 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

MAURICE DWAN SMITH,
    PLAINTIFF,

CASE NO. 4:19CV 1417

V.

CORE CIVIC OF AMERICA, AND HEAD NURSES SAFERRA, INDIVIDUALLY AND IN THEIR CAPACITY AS AN EMPLOYEE OF CORE CIVIC OF AMERICA, Lucas County Jail - Toledo, Ohio
    DEFENDANTS.

JUDGE PEARSON
MAG. JUDGE BURKE

PLAINTIFF'S COMPLAINT FOR CIVIL RIGHTS VIOLATION

## I. INTRODUCTION

1. THIS CASE SEEKS MONEY DAMAGES FOR THE PLAINTIFF, MAURICE DWAN SMITH, REG. NO. 64393-060. FOR NEGLECT OF PROPER MEDICAL TREATMENT WHILE HE WAS PREVIOUSLY DETAINED IN CORE CIVIC OF AMERICA ("CCA") - YOUNGSTOWN, A PRIVATE COMPANY THAT OWNS AND MANAGES PRIVATE PRISONS AND DETENTION CENTERS, WHICH DISPLAYED A PRACTICE OR POLICY OF EMPLOYING UNREASONABLY NEGLIGENT MEDICAL TREATMENT.

## II. JURISDICTION AND VENUE

2. THIS ACTION IS BROUGHT PURSUANT TO 42 U.S.C. SEC. 1983 AND IS PREMISED ON THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION OF THE FEDERAL QUESTIONS PRESENTED PURSUANT TO 28 U.S.C. SEC. 1331 AND SEC. 1343.

3. This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. Sec. 1367.

4. Venue is proper and division, pursuant to 28 U.S.C. Sec. 1391, because the events giving rise to this action occurred in, an the defendant was located in the Northern District of Ohio.

## III. PARTIES.

5. Plaintiff, Maurice Dwan Smith, is an adult and was a resident of Ohio. He is now, presently incarcerated in FCI-Gilmer; 201 FCI Lane; Glenville, WV 26351. He brings this suit in his individual capacity as one subject to negligent medical treatment by CCA-Youngstown.

6. Defendant, CCA-Youngstown, is a private company that owns and manages private prisons and detention centers at 2240 Hubbard Road; Youngstown, OH 44501

7. Defendant, Physician Saferra, is located in Youngstown, Ohio at the CCA-Youngstown facility, shown above and has the final decision and policy making authority for the medical operations and patient care at the CCA-Youngstown medical department

## IV. PRO-SE FILING

8. Plaintiff is a pro-se litigant who is a layman in the law and this motion is filed pursuant to Haines v. Kerner, 404 U.S. 519-520 (1972), under the "Liberal Construction Standard."

-2-

# V. FACTS

9. PRIOR TO MARCH 2017, PLAINTIFF WAS HOUSED A CCA-YOUNGSTOWN AND BEGAN SUFFERING OF ANKLE PAIN, SO HE BEGAN PUTTING IN MEDICAL SICK CALL SLIPS, AS WELL AS GRIEVANCE SLIPS OUTLINING THE CONDITION.

10. THE GRIEVANCES WERE NEVER ANSWERED AND THE PLAINTIFF was/sent to St. Elizabeth Mercy Hospital, for Medical Treatment/Surgery Eventually I were transferred to toledo, County Jail where my conditions continued and I were receiving medical care from post surgery, from Mercy Infectio

11. CONTRACTED MERSA AND THE PAIN INTENSIFIED.

while at Toledo, County Jail, Plaintiff's

12. THE PLAINTIFF SUFFERED PAIN, NO SLEEP, NO APPETITE, AND NO SLEEP FOR ABOUT THREE WEEKS. PLAINTIFF WAS NOT ABLE TO STAND DUE TO THE EXTREME PAIN, or walk any length of time Due to extreme pain.

13. THE PLAINTIFF, AFTER BEGGING FOR THREE WEEKS, FINALLY SAW A MEDICAL PERSONAL AFTER MANY GRIEVANCES AND SICK CALL SLIPS WERE DENIED.

14. PLAINTIFF WENT TO HEAD NURSE SAFERRA TO EXAMINE HIS DETERIORATING CONDITION, HOWEVER SHE CLAIMED THAT SHE WAS "TOO BUSY" AND WOULD NOT EXAMINE HIM.

15. PLAINTIFF CONTINUED TO SUBMIT SICK CALL SLIPS (MARKING THEM URGENT) FOR SEVERAL WEEKS AND AFTER GOING TO THE MEDICAL DEPARTMENT UNANNOUNCED, THE PLAINTIFF FOUND HIS SLIPS IN THE TRASH.

16. PLAINTIFF TOOK THEM AND IMMEDIATELY SENT THEM TO HIS MOTHER'S HOME.

-3-

17. After those events, the Plaintiff sought assistance from the Captain (not a medical professional), and showed him his wound.

18. The Captain got immediate approval to send the Plaintiff, via transport van, to St. Elizabeth Mercy Hospital.

19. The Plaintiff was immediately taken into emergency surgery, back to back until the condition was abated.

20. The physician stated that the Plaintiff could have lost his leg or even died had he not been immediately treated.

21. The Plaintiff's condition was MERSA and he has lost full mobility in his ankle and has lost the ability to be physically active or work in certain types of employment.

22. That Plaintiff's lack of care given to him was the direct and proximate result of the Defendant's deliberate indifference to failure to provide adequate medical care.

23. That this action, or inaction is the policy and/or custom of the Defendant, and exhibits a deliberate indifference to Plaintiff's rights protected under the Eighth and Fourteenth Amendments to the United States Constitution.

24. This policy/custom of medical malpractice was tolerated by the Defendants.

25. THAT THIS POLICY/CUSTOM WAS THE DIRECT AND PROXIMATE CAUSE OF THE PLAINTIFF'S DAMAGES:

   A. VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

   B. LOSS OF FULL PHYSICAL USE OF ANKLES DUE TO THE LACK OF MEDICAL TREATMENT.

   C. EMOTIONAL TRAUMA.

   D. FUTURE EXPENSES TO BE INCURRED IN UTILIZING PHYSICAL THERAPY AND MEDICAL TREATMENT TO THE PLAINTIFF.

## V. CLAIMS

26. DEFENDANT'S ACTIONS AND INACTIONS CONSTITUTE AN UNREASONABLE LACK OF MEDICAL TREATMENT, CONSTITUTING CRUEL AND UNUSUAL PUNISHMENT IN CONTRAVENTION OF THE EIGHTH AMENDMENT, ACTIONABLE PURSUANT TO 42 U.S.C. SEC. 1983.

27. DEFENDANT'S ACTIONS AND INACTIONS CONSTITUTE THE IRRESPONSIBILITY OF THE MEDICAL DEPT. AND OTHERS IN NOT PROVIDING ADEQUATE MEDICAL CARE TO THE PLAINTIFF IN CONTRAVENTION OF THE FOURTEENTH AMENDMENT, ACTIONABLE PURSUANT TO 42 U.S.C. SEC. 1983.

28. PLAINTIFF RESERVES THE RIGHT TO PROCEED WITH ANY AND ALL CLAIMS WHICH THE FACTS AVERRED IN THIS COMPLAINT SUPPORT, PURSUANT TO THE NOTICE PLEADING REQUIREMENT OF FEDERAL RULE OF CIVIL PROCEDURE 8.

## VI. JURY TRIAL REQUESTED

29. THE PLAINTIFF REQUEST A JURY TRIAL ON HIS CLAIM.

## VII. RELIEF REQUESTED

30. THE PLAINTIFF SEEK ALL RELIEF AVAILABLE UNDER THE LAW, INCLUDING THE AMOUNT OF $500,000.00 IN COMPENSATORY DAMAGES AND $1,000,000.00 IN PUNITIVE DAMAGES INCLUDING ATTORNEY FEES AND COSTS, AND ALL OTHER APPROPRIATE RELIEF.

RESPECTFULLY SUBMITTED,

*Maurice W. Smith*

MAURICE SMITH
REG. NO. 64393-060
FCI - GILMER
P.O. BOX 6000
GLENVILLE, WV 26351

DATE: 06-15-2019

Federal Correctional Institution - Gilmer
Maurice D. Smith #64393-060
P.O. Box 6000
Glenville, WV 26351

CHARLESTON WV 250

17 JUN 2019 PM 4 L

⇔64393-060⇔
Thomas D Lambros Court House
125 Market ST
Youngstown, OH 44503
United States

44503-178067