PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE DWAN SMITH, | ) | CASE NO. 4:19CV1417 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CORE CIVIC OF AMERICA, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

Pending before the Court is the Complaint of *pro se* Plaintiff Maurice Dwan Smith against Core Civic of America ("Core Civic") and Northeast Ohio Correctional Center ("NEOCC") Medical Employee Saferra.[1] Plaintiff alleges that Defendants violated his rights under 42 U.S.C. § 1983 by failing to immediately diagnose a serious infection in his foot, resulting in surgery. Plaintiff contends Defendants were deliberately indifferent to his serious medical needs.

For the reasons that follow, this case is dismissed.

### I. Background

Plaintiff alleges he was incarcerated in NEOCC prior to March 2017. ECF No. 1 at PageID #: 3. He alleges he developed a wound on his ankle that was very painful. He submitted

---

[1] Plaintiff's Complaint provides conflicting statements about Saferra's professional capacity at the prison. He indicates first that she is the head nurse (ECF No. 1 at PageID #: 1, 3). He then indicates that she is a physician with final authority for medical decisions and patient care at NEOCC (*Id.* at PageID #: 2).

numerous sick call slips and grievances but was not seen at the medical department for three weeks. *Id*. He claims Saferra was one of the attending clinic supervisors at the time of his injury. He states he asked her to personally examine his ankle, but she declined saying she was "too busy." *Id*. Plaintiff does not indicate whether he was examined by another medical professional, and if so, what his or her recommended course of action was. He alleges his condition did not abate and he continued for several weeks to submit sick call slips, marking them as urgent. *Id*. He contends he did not receive a reply. Thereafter, Plaintiff reported "to the medical department unannounced" and discovered his slips in the trash. *Id*. Plaintiff states he rescued the slips and mailed them to his mother. *Id*. After, he sought assistance from the captain and showed him the wound. *Id*. at PageID #: 4. The captain immediately approved Plaintiff's transport to St. Elizabeth's Hospital where emergency personnel determined he had contracted a Methicillin-Resistant Staphylococcus Aureus (MRSA) infection. *Id*. Plaintiff states he was immediately taken into surgery to have the infection removed. *Id*. He contends he has lost full mobility in his ankle and cannot be physically active or work in certain types of employment. *Id*. He claims Saferra was deliberately indifferent to his serious medical needs and Core Civic has a custom or policy of tolerating medical malpractice. *Id*. Plaintiff seeks $1,500,000.00 in damages. *Id*. at PageID #: 6.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon

(4:19CV1417)

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is

3

(4:19CV1417)

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### III. Law and Analysis

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a "sufficiently serious" deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id* at 9. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. A Plaintiff must also establish a subjective element showing that the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot

4

(4:19CV1417)

be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

MRSA is arguably an objectively serious medical condition. To state a claim for violation of the Eighth Amendment against Saferra, Plaintiff must allege facts suggesting she was deliberately indifferent to his condition. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837). Allegations of negligence are not enough to state a claim for a constitutional violation. *Id*. at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Plaintiff claims only that he requested Saferra at the clinic and she declined to examine him personally as she was too busy. Plaintiff does not indicate whether he was examined by other medical personnel or what they recommended as a course of treatment. There is no suggestion in the Complaint that Saferra was aware of Plaintiff's medical condition and appreciated the substantial risk of harm it could pose to him.

Plaintiff contends Core Civic has a custom or policy of tolerating medical malpractice. An employer cannot be held liable in a civil rights action for an employee's wrongdoing under a theory of *respondeat superior*. They can only be sued if their own actions "implicitly authorized,

5

(4:19CV1417)

approved, or...acquiesced" in the constitutional violation. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). When the employer is a government entity, or in this case a private prison corporation, it can only be held liable if it is "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.' " *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). Plaintiff claims Core Civic has a policy of tolerating medical malpractice. Medical malpractice does not rise to the level of a constitutional violation and Plaintiff has not established that Core Civic has authorized or approved constitutional violations. Thus, Core Civic cannot be held liable under § 1983.

Finally, the statute of limitations for filing either a civil rights action under 42 U.S.C. § 1983 or a medical malpractice action under Ohio tort law expired before Plaintiff brought this action. He indicates all of the incidents described in the Complaint took place before March 2017. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097, 1104 (6th Cir. 1995). Medical malpractice claims in Ohio have a one year statute of limitations. Ohio Revised Code § 2305.113(A). Plaintiff filed this action in June 2019, well beyond the expiration of the statute of limitations periods for these claims.

### IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could

6

(4:19CV1417)

not be taken in good faith.

    IT IS SO ORDERED.

  October 29, 2019                      */s/ Benita Y. Pearson*
Date                                     Benita Y. Pearson
                                           United States District Judge